UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHA WILLIAMS,

    Plaintiff,

v.                                           Case No 8:20-cv-422-T-60CPT

SPEEDY SERVICING, INC.,
CONCORD ADVICE, LLC,
AND MICHAEL LUXENBERG,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS, CONCORD ADVICE, LLC AND MICHAEL LUXENBERG'S MOTION TO DISMISS**

This matter is before the Court on "Defendants, Concord Advice, LLC and Michael Luxenberg's Motion to Dismiss the First Amended Complaint and Jury Trial Demand and Memorandum of Law in Support." (Doc. 17).[1] Plaintiff Tasha Williams has filed a response in opposition to the motion. (Doc. 19). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

The factual and procedural background of this motion is virtually identical to that presented by a number of cases brought by other plaintiffs in this district against the same Defendants. Orders in several of these cases

---

[1] Although the motion refers to the "First Amended Complaint," the initial complaint in this case has not been amended and remains the operative complaint.

Page 1 of 6

have discussed that background in some detail and addressed the same arguments and legal issues. *See, e.g., Daniel v. Concord Advice, LLC*, No. 8:19-cv-02978-02SPF, 2020 WL 2198204 (M.D. Fla. May 6, 2020); *Forbes v. Concord Advice, LLC*, No. 8:20-cv-405-T-33AEP, Doc. 33 (M.D. Fla. May 5, 2020); *Forbes v. Concord Advice, LLC*, No. 8:19-cv-2980-T-33CPT, Doc. 73 (M.D. Fla. Apr. 21, 2020).[2]

According to Plaintiff, Defendant Speedy Servicing Inc. ("Speedy Servicing") engages in online lending through various websites. (Doc. 1-1 at ¶ 10). Speedy Servicing, knowing that Plaintiff resided in Florida, obtained an Experian credit report concerning her from Clarity Services, Inc., a Delaware corporation doing business in Clearwater, Florida. (*Id*. at ¶¶ 31-32, 235 & Ex. LL at 186). Speedy Servicing requested and obtained the report on behalf of a lender known as "Dash of Cash," an entity or website associated with Speedy Servicing. (*Id*. at ¶¶12, 245, 257). Clarity obtained the requested report from Experian and provided it to Speedy Servicing. (*Id*. at ¶¶ 239-42, 245-47, 257). Plaintiff, however, never applied for credit with Dash of Cash or consented to Speedy Servicing or any of its related entities obtaining her credit report. (*Id*. at 247). She asserts that Speedy Servicing

---

[2] The following similar cases are now pending in the Middle District: *Ingram v. Speedy Servicing, Inc*, No. 8:20-cv-420-SCB-SPF; *Joseph v. Speedy Servicing, Inc.*, No. 8:19-cv-2894-CEH-AEP; and *Barrios v. Concord Advice, LLC*, 8:20-cv-399-SCB-JSS.

did not obtain the report for a permissible purpose, thereby violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f).  (Doc. 1-1 at ¶¶ 243-58, 284-88).  Plaintiff also argues, with supporting documentary evidence, that Speedy Servicing engages in lending money to other Florida residents and obtains credit reports on them.  *See* (*Id.* at ¶ 12; Docs. 19 at 16-17; 19-1, Ex. E at 34-36, Ex. H at 45- 47, and Ex. I at 48-50).

Plaintiff argues that Defendants Concord Advice, LLC ("Concord Advice") and Michael Luxenberg are chargeable with Speedy Servicing's actions and contacts with Florida because Luxenberg owns and controls Speedy Servicing as well as Concord Advice, and operates Speedy Servicing and Concord Advice out of a "combined headquarters" in New Jersey as a single business enterprise, commingling funds and sharing employees and officers.  (*Id.* at ¶¶ 18-19, 26-27, 30, 128, 215-16, 219, 275-76).  Plaintiff alleges that this enterprise is "run by, and solely for the benefit of, Luxenberg," who is "responsible for setting [Speedy Servicing's] policies" and is the "true owner and decision maker" of Speedy Servicing.  (*Id.* at ¶¶ 18, 128, 281).  Plaintiff alleges that Speedy Servicing requested her credit information "at the direction of Luxenberg or pursuant to policies put in place by him."  (*Id.* at ¶ 253).

Concord Advice and Luxenberg have moved to dismiss the complaint on two grounds.  (Doc. 17).  First, they argue that they are not subject to

personal jurisdiction in Florida for the claims alleged by Plaintiff. (*Id.* at 7-14). They argue that they have no business dealings or connections to Florida and that they never obtained Plaintiff's credit report. (*Id.* at 4-5, 9-10). They assert that Luxenberg does not own or control Speedy Servicing, and that Concord Advice merely provides information technology and consulting services to Speedy Servicing. (*Id.*) Defendants support these contentions with an affidavit by Defendant Luxenberg. (Doc. 17-1). Second, Defendants argue that the complaint should be dismissed because Plaintiff lacks standing to bring her claims and because she fails to state a claim against them for a violation of FCRA. (Doc. 17 at 14-17).

## Analysis

The issues presented in Defendants' motion to dismiss are identical to those addressed in rulings on motions to dismiss filed by Concord Advice and Luxenberg in the other cases noted above. Plaintiff here, like the plaintiffs in those cases, has presented evidence supporting her factual contentions and casting doubt on assertions in the Luxenberg affidavit. *See Daniel*, 2020 WL 2198204, at *3; *Forbes*, No. 8:20-cv-405-T-33AEP, Doc. 33 at 18-19; *Forbes*, No. 8:19-cv-2980-T-33CPT, Doc. 73 at 18-19. In view of the conflicting evidence and allegations regarding the relationship between Concord Advice and Luxenberg and Speedy Servicing, these decisions hold it is appropriate to give greater weight to the plaintiffs' version. *See Daniel*, 2020 WL 2198204,

at *5; *Forbes*, No. 8:20-cv-405-T-33AEP, Doc. 33 at 19; *Forbes*, No. 8:19-cv-2980-T-33CPT, Doc. 73 at 19.   Moreover, since this issue relates to both personal jurisdiction and the merits of the plaintiffs' claims, these decisions have deferred determination of the issue to trial (or an appropriate point prior to trial after the plaintiffs have had an opportunity for discovery).   *See Daniel*, 2020 WL 2198204, at *3-5; *Forbes*, No. 8:20-cv-405-T-33AEP, Doc. 33 at 19-21; *Forbes*, No. 8:19-cv-2980-T-33CPT, Doc. 73 at 19-21; *see also Nissim Corp. v. ClearPlay, Inc.*, 351 F. Supp. 2d 1343, 1350-52 (S.D. Fla. 2004).   Finally, these decisions have also rejected Defendants' arguments on standing and their Rule 12(b)(6) arguments that plaintiffs have failed to state a claim under FCRA.   *Daniel*, 2020 WL 2198204, at *5; *Forbes*, No. 8:20-cv-405-T-33AEP, Doc. 33 at 22-23; *Forbes*, No. 8:19-cv-2980-T-33CPT, Doc. 73 at 21-23.

The Court finds the analysis in the orders cited above persuasive and accordingly adopts it as equally applicable here.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   "Defendants, Concord Advice, LLC and Michael Luxenberg's Motion to Dismiss the First Amended Complaint and Jury Trial Demand" (Doc. 17) is **DENIED**.   Defendants are not precluded from raising the same issues at trial or at an appropriate point prior to trial after Plaintiff

has had an opportunity for discovery.

(2)   Defendants Concord Advice, LLC and Michael Luxenberg are directed to answer the complaint on or before July 21, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of July 2020.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE