UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHA WILLIAMS,

    Plaintiff,

v.                                             Case No 8:20-cv-422-T-60CPT

SPEEDY SERVICING, INC.,
CONCORD ADVICE, LLC,
AND MICHAEL LUXENBERG,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT SPEEDY SERVICING'S MOTION TO
QUASH SERVICE OF PROCESS AND MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

This matter is before the Court on "Defendant Speedy Servicing's Motion to Quash Service of Process, Motion to Dismiss for Lack of Personal Jurisdiction, and Memorandum of Law in Support." (Doc. 8). Plaintiff Tasha Williams has filed a response in opposition to the motion. (Doc. 19). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

The Court summarized the background of this case in its July 7, 2020, Order denying the motion to dismiss filed by Defendants Concord Advice, LLC and Michael Luxenberg. *See* (Doc. 29). Briefly stated, Plaintiff alleges

Page 1 of 4

that Speedy Servicing, without a permissible purpose and in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1651b(f), requested and obtained her credit report from a Florida company, knowing that she was a Florida resident.   Plaintiff alleges that Defendant Luxenberg owns and controls Speedy Servicing as well as Concord Advice, and operates them as a single business enterprise headquartered in New Jersey.   Plaintiff purported to effect service of process on Speedy Servicing by delivering it to Luxenberg in New Jersey.

Speedy Servicing has moved to quash service of process, arguing among other things that Plaintiff has failed to show that delivery of process to Defendant Luxenberg in New Jersey properly effected service under § 48.081, *F.S.*   *See* (Doc. 8 at 4-6).   Speedy Servicing also briefly argues that, apart from issues of service, the complaint does not set forth a basis to subject Speedy Servicing to personal jurisdiction.

## Analysis

The issues presented in Speedy Servicing's motion to dismiss are identical to those addressed in orders in other cases in this district against Speedy Servicing and the other Defendants.   *See Daniel v. Concord Advice, LLC*, No. 8:19-cv-2978-T-02SPF, 2020 WL 1677296, at *1-4 (M.D. Fla. Apr. 6, 2020); *Forbes v. Concord Advice, LLC,* No. 8:20-cv-405-T-33AEP, Doc. 32, at 1-3 (M.D. Fla. May 5, 2020) (adopting analysis and reasoning in *Daniel*

order).   Those decisions held that the plaintiffs had not shown they had properly effected service, and therefore granted Speedy Servicing's motion to quash, but allowed the plaintiffs leave to cure any defects in service.   The Court finds the analysis and result in those rulings equally applicable here.

Service of process on Speedy Servicing will therefore be quashed, but Plaintiff will be allowed to cure any defects in service.   The Court notes that, following the rulings quashing service in the *Daniel* and *Forbes* cases, Speedy Servicing and the plaintiffs entered into stipulations pursuant to which Speedy Servicing agreed to accept service by mail.   *See Daniel*, No. 8:19-cv-2978-T-02SPF, Doc. 48; *Forbes,* No. 8:20-cv-405-T-33AEP, Doc. 47.   The Court fully expects a similar agreement to follow here so that the case can proceed.

In addition, again following the rulings in *Daniel* and *Forbes*, the Court will deny as moot Speedy Servicing's motion to dismiss for lack of personal jurisdiction, in light of the Court's quashing of service of process.   The Court, however, refers the parties to its Order denying the motion to dismiss filed by Defendants Concord Advice and Luxenberg (Doc. 29) for guidance as to the Court's likely approach to any renewed motion to dismiss based on lack of personal jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Defendant Speedy Servicing's Motion to Quash Service of Process, Motion to Dismiss for Lack of Personal Jurisdiction, and Memorandum of Law in Support" (Doc. 8) is **GRANTED IN PART AND DENIED IN PART.**

(2) The motion to quash is **granted**, but Plaintiff is granted leave to cure any defects in service under Fed. R. Civ. P. 4.

(3) The motion to dismiss for lack of personal jurisdiction is **denied as moot**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**